FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JUN 27 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01094-BNB

JASON REYNOLDS,

     Applicant,

v.

KEVIN MILYARD, Warden SCF and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER TO SHOW CAUSE

---

     Applicant, Jason Reynolds, is in the custody of the Colorado Department of Corrections and is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his convictions for two counts of extreme indifference murder, two counts of vehicular homicide-reckless driving, and two counts of crime of violence in Arapahoe County District Court Case No. 05CR03665. Mr. Reynolds has paid the $5.00 filing fee.

     Applicant asserts three claims in his Application, and he admits that two of the claims are currently being litigated in a Colo. Crim. P. Rule 35(b) motion pending in the Arapahoe County district court. *See* Application at 4-6. Applicant has also filed a "Motion to Dismiss without Prejudice," (Doc. No. 2), in which he requests that the Court place his Application "on hold and reserve for exhaustion of state remedies as the law requires." Applicant also makes the contradictory request that the Court file his

1

application and dismiss it immediately, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), so that he can exhaust his unexhausted claims in state court and the return to federal court and file a new application. *Id.*

Because Mr. Reynolds is *pro se,* his pleadings are afforded a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Application will be dismissed without prejudice as a mixed petition.

On May 19, 2011, Magistrate Judge Boyd N. Boland issued an order directing Mr. Reynolds to show cause in writing within thirty days why his Application should not be dismissed as a mixed petition. Mr. Reynolds filed a Response to Order to Show Cause on June 21, 2011.

The Court must construe liberally the Application filed by Mr. Reynolds because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application as a mixed petition and dismiss this action without prejudice.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts. *See*

***Castille v. Peoples***, 489 U.S. 346, 351 (1989).  Even if state remedies properly have

been exhausted as to one or more of the claims presented, a habeas corpus application

is subject to dismissal as a mixed petition unless state court remedies have been

exhausted for all of the claims raised. *See Rose*, 455 U.S. at 522; *Harris v.*

***Champion***, 48 F.3d 1127, 1133 (10th Cir. 1995).

Magistrate Judge Boland advised Mr. Reynolds in the May 19 Order to Show

Cause that the Application was subject to dismissal as a mixed petition because it

presented both exhausted and unexhausted claims.  *See Rose*, 455 U.S. at 522;

*Harris*, 48 F.3d at 1133.  Mr. Reynolds was given the opportunity to elect to dismiss any

unexhausted claims and pursue only those claims for which state remedies have been

exhausted.  Alternatively, Mr. Reynolds was advised that he could elect to dismiss this

action without prejudice so that he could exhaust state remedies and then later file a

new application in federal court asserting all of his claims for relief.

In his Response, Mr. Reynolds asks the Court "to stay its review ruling pending

full exhaustion in state court(s)."  Response, at 3.  However, he then again requests that

the Court "dismiss the instant action without prejudice thereby freezing the time

commencement date to allow for his proper exhaustion of all state remedies." *Id.* at 4.

He requests, in the alternative, that the Court dismiss his unexhausted claims so that he

may pursue only the exhausted claims. *Id.* at 5.

Pursuant to ***Rhines v. Weber***, 544 U.S. 269 (2005), this Court has discretion to

stay a mixed petition while a habeas petitioner returns to state court to exhaust his

3

unexhausted claims. *Id.* at 277. However, "stay and abeyance should be available only in limited circumstances." *Id.* A habeas petitioner must establish "good cause" for his failure to first exhaust the claims in state court. *Id.* In *Rhines*, the Supreme Court was concerned about the possible expiration of the AEDPA one-year limitation period while an Application remained pending in federal court. *Id.* at 269-70; *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that AEDPA limitation period is not tolled during pendency of federal habeas petition). No such concern is presented here.

The Colorado Supreme Court denied certiorari review in Applicant's direct appeal of his criminal conviction on December 20, 2010. *See* Application, attachment. Mr. Reynolds did not seek a writ of certiorari from the United States Supreme Court. As a result, his conviction became final ninety days later, on March 20, 2011, when the time in which he could have petitioned for review in the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The time limitation period for purposes of 28 U.S.C. § 2244(d) began to run on March 21, 2011. Mr. Reynolds states in his Application that he filed his Colo. Crim. P. Rule 35 motion in Arapahoe County District Court on April 20, 2011. A properly filed state post conviction motion tolls the AEDPA time clock. *See* 28 U.S.C. § 2244(d)(2); *Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir.2000). Accordingly, it appears that Mr. Reynolds may be able to meet the AEDPA's one-year filing requirement if he acts diligently to file his federal application once the state court has finally resolved his unexhausted claims. Accordingly, the Court finds no basis for staying this action until Mr. Reynolds has exhausted his state court remedies for his unexhausted claims.

4

The Court warned Mr. Reynolds in the May 19 Order that the Application would be dismissed as a mixed petition if he failed to provide a clear response indicating his intentions. In his Response, Mr. Reynolds sets forth various alternative requests for relief. The Court, therefore, will deny the Application as a mixed petition and dismiss the action without prejudice. Mr. Reynolds is reminded that even though the instant action currently is timely under 28 U.S.C. § 2244(d) does not mean that any future action filed by Mr. Reynolds will be timely. Accordingly, it is

ORDERED that the Application is denied as a mixed petition for failure to exhaust state court remedies and the action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Reynolds has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this __27th__ day of ___June_____, 2011.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01094-BNB

Jason Reynolds
Prisoner No. 136081
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 27, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                     Deputy Clerk